UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-333-DLB

CARLA CAUDILL                                                                                           PLAINTIFF

VS.                    **MEMORANDUM OPINION & ORDER**

TOYOTA MOTOR CORPORATION                                                           DEFENDANT

*******************************

Plaintiff commenced this products liability action against Defendant after she was injured in a single-car accident. Plaintiff alleges that her car's supplemental restraint system (SRS), i.e., air bag - which was manufactured by Defendant - failed to properly deploy, and was negligently designed. The case was originally filed in Knott Circuit Court on July 27, 2004, and removed to this Court on September 21, 2004, on the basis of diversity jurisdiction.

This matter is presently before the Court upon Defendant's motion for summary judgment (Doc. #8). Plaintiff filed a brief response (Doc. #17), to which Defendant replied (Doc. #18). The motion, being fully briefed, is now ripe for review.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 1, 2003, Plaintiff was traveling westbound on Highway 1410 in Knott County, Kentucky when she failed to negotiate a curve and lost control of her vehicle, a 1999 Toyota Camry. Plaintiff purchased the car in used condition on June 2, 2003. According to Plaintiff's deposition testimony, she decelerated as she entered the curve, but

1

lost control as she exited, veering off the right side of the road into a drainage ditch. Plaintiff's car then struck a rock wall, ricocheted out of the ditch and across the road, down the bank on the south side of the road, and struck a tree. Plaintiff characterizes the collision as "head-on." Defendant's expert, on the other hand, has opined that: 1) "the damage to the hood, bumper beam, and frame side members indicated that the [car] slid sideways into [the] tree ... and did not strike [it] while moving straight ahead," and 2) the air bag was "designed to deploy in a frontal collision only ...." (Doc. #8, Exhibit 6). It is undisputed, however, that the air bag in Plaintiff's car failed to inflate. Following the accident, Plaintiff sold the car to a salvage yard for parts.[1]

As a result of the accident Plaintiff suffered a bruised leg, forehead, and stomach, and injured her back. Defendant has moved for summary judgment, arguing that: 1) it is entitled to the statutory presumption contained in K.R.S. § 411.310(2), as well as a common law presumption based upon Plaintiff's spoliation of evidence, 2) Plaintiff has failed to properly designate an expert witness or otherwise offer expert testimony, which is required in a case such as this, 3) Plaintiff has failed to offer any evidence that the air bag was defective, or that a reasonably feasible alternative design existed, and 4) the air bag was not designed to deploy in this type of accident, or protect against the types of injuries Plaintiff sustained. In response, Plaintiff alleges that she is not required to come forward with expert testimony because the accident is one that would not ordinarily occur absent a defect. She contends that, under the facts of this case, the doctrine of *res ipsa loquitur* applies. For the reasons that follow, the Court finds Defendant's arguments well-

---

[1]Defendant ultimately purchased what was left of the car from the salvage yard on September 4 2004.

2

taken, and concludes that summary judgment is appropriate.

## II.  ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met this initial burden, the non-movant cannot rest on its pleadings, but must show that there is a genuine issue for trial. *Id.* at 324. All evidence and inferences based on evidence must be considered in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio* Corp., 475 U.S. 574, 587 (1986). However, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1427, 1479-80 (6th Cir. 1989).

### B.  Discussion

The Court begins by addressing Plaintiff's argument that she is relieved of any duty to present expert testimony based upon the doctrine of *res ipsa loquitur*.[2] *Res ipsa loquitur*

---

[2]Plaintiff also relies on the then-highest Kentucky court's decision in *Embs v. Pepsi-Cola Bottling Co. of Lexington*, 528 S.W.2d 703, 706 (Ky. 1975), where the court stated:

> There are some accidents, [such] as where a beverage bottle explodes in the course of normal handling, as to which there is common experience that they do not ordinarily occur without a defect; and this permits the inference of a defect.

*Id*. Defendant argues that the failure of an air bag to deploy during an automobile accident is factually distinguishable from a situation where a soda bottle spontaneously explodes. The Court agrees. Moreover, to the extent that *Embs* was a strict liability case, the Court notes that it is legally distinguishable as well.

is a Latin phrase which means nothing more than "the thing speaks for itself," and is invoked where the facts and circumstances are such that a party's negligence can be inferred, even in the absence of expert testimony. *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992). In order for the doctrine to apply, the following conditions must be met: 1) the event is of a kind which ordinarily does not occur in the absence of negligence; 2) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and 3) the indicated negligence is within the scope of the defendant's duty to the plaintiff. *See* Restatement (Second) of Torts § 328D (1965). Whether an event is one that does not ordinarily occur unless a party has been negligent is a conclusion that may be based upon: 1) common knowledge, or 2) evidence presented by the parties themselves. *Id*. cmt. d. In either case, however, the burden of proof remains on the plaintiff to produce evidence which will permit the conclusion that it is more likely than not that his/her injuries were caused by the defendant's negligence. *Id*. cmt. e. It is then the function of the Court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn. *Id*. § 328D.

In this case, Plaintiff has failed to satisfy the first requirement, i.e., that non-deployment is an event that does not ordinarily occur in the absence of negligence. Contrary to Plaintiff's assertion, the deployment or non-deployment of air bags is not a matter within the common knowledge of lay persons. To the contrary, Defendant's expert has opined that deployment is a function of several factors, including: 1) whether the collision was frontal, and 2) whether, prior to impact, the vehicle's longitudinal deceleration exceeded the predetermined deployment threshold. The only evidence Plaintiff has presented on either factor is her deposition testimony that she collided with the tree "head-

4

on."[3] (Plaintiff's deposition, p. 14). Her speed at the time of impact is unknown; and consequently, no evidence has been presented relating to the threshold level of Plaintiff's vehicle. Therefore, based upon facts of this case, the Court concludes that the doctrine of *res ipsa loquitur* is inapplicable.

Turning to the merits of Defendant's motion, the Court also concludes that Plaintiff has failed to establish that the air bag did not inflate due to a design defect. In a case factually and procedurally analogous to the instant case, this Court stated that, in order to establish a design defect, the plaintiff must prove the following:

> First, in establishing that the design in question was defective, the plaintiff must offer proof of an alternative safer design, practicable under the circumstances .... Second, the plaintiff must offer proof of what injuries, if any, would have resulted had the alternative, safer design been used .... Third, ... the plaintiff must offer some method of establishing the extent of enhanced injuries attributable to the defective design.

*McCoy v. General Motors Corp.*, 47 F. Supp. 2d 838, 839-40 (E.D. Ky. 1998) (Hood, J.) (*quoting Caiazzo v. Volkswagenwerk A.G.*, 647 F.2d 241, 250 (2d Cir. 1981)), *aff'd,* 179 F.3d 396 (6th Cir. 1999). In *McCoy*, the plaintiff sued the defendant for breach of warranty when the air bag in her automobile failed to inflate during a head-on collision. *Id*. at 838. The vehicle, a 1995 Chevrolet Camaro, was manufactured by the defendant, and the owner's manual provided the following information about air bag inflation:

> The air bag is designed to inflate in moderate to severe frontal or near-frontal crashes. The air bag will inflate only if the impact speed is above the system's designed "threshold." If your vehicle goes straight into a wall that doesn't move or deform, the threshold level is about 9 to 15 mph (14 to 24 km/h). The threshold level can vary, however, with specific vehicle design, so that it can be somewhat about or below this range. If your vehicle strikes

---

[3]The Court notes that the evidence of record is scant, due, in large part, to Plaintiff's failure to conduct any discovery.

> something that will move or deform, such as a parked car, the threshold level will be higher. The air bag is not designed to inflate in rollovers, side impacts, or rear impacts, because inflation would not help the occupant.

*Id*. at 839.

Even though the plaintiff proceeded under a breach of warranty theory, she was still required to prove that the air bag was defective. *Id*. To that end, the plaintiff identified an expert witness, whose task it was to determine why the air bag did not deploy in the accident. *Id*. The expert, however, was unable to identify a specific defect in the air bag, or otherwise conclude that the vehicle was improperly manufactured. *Id*. He did testify that the air bag did not deploy in a situation in which he felt that the threshold criteria for deployment had been met. *McCoy*, 47 F. Supp. 2d at 840, n3. Unpersuaded that the expert's opinion was adequately supported, the court concluded that his testimony was insufficient to withstand a motion for summary judgment. *Id*. Moreover, the plaintiff failed to produce any evidence of a practicable, safer, alternative design; or any evidence of what her injuries would have been if the air bag had inflated. *Id.* at 840-41. Having failed to establish causation and damages, the court granted the defendant's motion for summary judgment. *Id.* at 841.

In the Court's view, Plaintiff's case suffers from the same (if not more) infirmities that proved fatal in *McCoy*. Plaintiff has failed to establish, by competent evidence, that a feasible, alternative, safer design existed. Under Kentucky law, design defect liability requires such proof. *Toyota Motor Corp. v. Gregory*, 136 S.W.3d 35, 41-42 (Ky. 2004). Moreover, just as in *McCoy*, Plaintiff has not proved causation and damages. Under these circumstances, the Court concludes that summary judgment is appropriate.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that:

(1) Defendant's motion for summary judgment (Doc. #8) be, and hereby is, **GRANTED**;

(2) The final pretrial and trial dates are **VACATED**; and

(3) This matter is stricken, in its entirety, from the active docket of the Court.

This 23rd day of November, 2005.

Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\7-04-333-CaudillMSJ.wpd